```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TEXTILES NETWORK LIMITED,               :
                    Plaintiff,          :
                                        :       07 Civ. 393 (DLC)
          -v-                           :
                                        :       OPINION AND ORDER
DMC ENTERPRISES, LLC, FRAN COLEMAN,     :
DAVID COLEMAN, and ROSENTHAL &          :
ROSENTHAL, INC.,                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Carlos M. Carvajal
1414 Avenue of the Americas, Suite 406
New York NY 10019

For Defendants DMC Enterprises, LLC; Fran Coleman
     & David Coleman
Matthew E. Hoffman
Nicole V. Barbaro
Roger K. Marion
Todtman Nachamie Spizz & Johns, P.C.
425 Park Avenue, 5th Floor
New York, NY 10022

DENISE COTE, District Judge:

Plaintiff Textiles Network Limited ("TNL"), a Hong Kong-based company involved in the garment industry, brings this diversity action against DMC Enterprises, LLC ("DMC"), a New York-based company involved in the sale of children's clothing, and Fran and David Coleman (together "the Colemans"), who are husband and wife as well as the CEO and CFO of DMC.  The amended complaint brings claims for breach of contract, unjust

enrichment, and promissory estoppel against both DMC and the Colemans, and a claim for fraud against the Colemans alone.  TNL seeks to recover damages related to DMC's alleged failure to pay for merchandise purchased on its behalf from suppliers in Asia.

On June 29, the Colemans moved to dismiss all claims against them pursuant to Rule 12(b)(6), Fed. R. Civ. P.  DMC has also moved pursuant to Rule 12(b)(6) to dismiss the unjust enrichment and promissory estoppel claims against it.  The motion was fully briefed on August 3.  For the following reasons, the motion to dismiss the fraud and breach of contract claims against the Colemans is denied.  The motion to dismiss the unjust enrichment and promissory estoppel claims against DMC and the Colemans is granted.

BACKGROUND

The following facts are drawn from the amended complaint and the documents that are attached to the amended complaint and integral to it.[1]  On April 4, 2006, TNL entered into an agreement to serve as a buying agent for DMC in Asia ("Agreement").  The Agreement authorized and instructed TNL to locate suppliers,

---

[1] Attached to the amended complaint are the Agreement between DMC and TNL; a copy of the summons and complaint in a breach of contract action brought by Brandsmart, Inc. against DMC in the New York Supreme Court; a June 30 letter from DMC to Rosenthal & Rosenthal, Inc.; a July 21 letter from DMC to TNL; and the affidavit of Joshua Ceccarelli, the assistant vice president of Rosenthal & Rosenthal, Inc.

order merchandise for DMC upon its instruction, control the quality of merchandise purchased, and monitor shipment. According to the Agreement, "[u]nless otherwise specifically arranged between the parties, payment for all purchase of merchandise by [DMC] shall be by letter of credit in favor of the factory or [TNL]."  The Agreement also called for DMC to pay TNL a commission of 7% of the "Free on Board" ("FOB") cost of the merchandise and delivery expenses.

DMC secured a letter of credit for $305,460.04 for the first delivery of merchandise, but did not pay TNL its commission.  Soon afterwards, on June 26, 2006, "the Colemans claimed their financial partner had suddenly abandoned them and they would not be able to open additional letters of credit, and asked that TNL open the letters of credit on their behalf for which DMC would repay TNL in full."  The Colemans agreed to pay for the goods using "documents against payment" ("D/P").  In reliance on this promise and in order to safeguard its relationships with the factories in China and India that it had already solicited on behalf of DMC, TNL opened its own letters of credit to secure the merchandise.

On June 30, David Coleman called TNL to indicate that DMC was not able to pay for the second shipment through D/P.  He misrepresented that DMC would instead pay by instructing its factor, Rosenthal & Rosenthal, Inc. ("Rosenthal"), to remit

fifty percent of DMC's available credit to TNL.  The plaintiff claims, however, that DMC had no ability or intent to pay TNL through Rosenthal at this time.

The Colemans also sent TNL a copy of a fraudulent letter dated June 30 ("June 30 Letter"), addressed to Rosenthal and directing it to wire TNL money.  The letter, however, was never actually sent to Rosenthal.  Instead, on July 11, DMC sent Rosenthal a note seeking Rosenthal's approval of an enclosed draft letter resembling the June 30 Letter, but never actually issued directions to Rosenthal to send money to TNL.

On July 21, the Colemans sent TNL another letter ("July 21 Letter"), which falsely represented that the Colemans had contacted Rosenthal and confirmed that Rosenthal would pay TNL.  The July 21 Letter also misrepresented that DMC would "be responsible to pay the balance" if Rosenthal's payment did not cover the entire promised payment.

On the basis of the June 26 phone call and the June 30 and July 21 Letters, TNL secured and delivered to DMC additional shipments of merchandise costing $333,152.68.  DMC accepted these goods and subsequently sold all or part of the shipments to its customers.  TNL also procured additional merchandise for DMC at the cost of $187,730.54, which was not delivered due to DMC's nonpayment.  Neither DMC nor Rosenthal has paid TNL for

4

these shipments.  To date, DMC has paid TNL only $100,000 of the over $500,000 that it owes for unpaid goods and commission.

The amended complaint further alleges that

> . . . DMC is an undercapitalized shell[,] which serves as the alter ego of the Colemans, and the Colemans exercised complete domination of DMC with respect to the transactions described . . . , as well as prior transactions with third parties, and the Colemans used DMC as the instrumentality for perpetrating fraud in which they both participated in [sic] and had knowledge of.

DISCUSSION

Under the pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure, complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2), Fed. R. Civ. P.  "[A] plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006). Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff."  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005).  When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.

2007) (citation omitted).  At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted).  A court must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).

Although the focus should be on the pleadings in considering a motion to dismiss under Rule 12(b)(6), the court will deem the complaint to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (citation omitted).  The Agreement, the June 30 and July 11 Letters, and the Ceccarelli affidavit are all attached to the complaint and are properly considered on the instant motion.

A. Failure to State a Claim for Fraud

The Colemans argue that the complaint fails to state a claim for fraud because the allegations supporting this cause of action are duplicative of those supporting TNL's breach of

6

contract claims.  "Under New York law, to state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 291 (2d Cir. 2006) (citation omitted).[2]  Since TNL's allegations relate to its decision to secure the second shipment of merchandise through a method of payment not provided by the Agreement, plaintiff's claims are characterized as alleging fraudulent inducement.  Fax Telecommunicaciones Inc. v. AT&T, 138 F.3d 479, 490 (2d Cir. 1998); see Nat'l Union Fire Ins. Co. v. Worley, 690 N.Y.S.2d 57, 61 (App. Div. 1999).

Where a fraud claim is brought alongside a breach of contract claim, the fraud claim will be dismissed where it is not sufficiently distinct from the breach of contract claim.  The plaintiff may distinguish the two by (1) demonstrating a legal duty separate from the duty to perform under the contract, (2) demonstrating a fraudulent misrepresentation collateral or extraneous to the contract, or (3) seeking special damages

---

[2] All parties have relied on New York law to defend their claims in this diversity action.  The parties having consented to the application of forum law, that consent is sufficient to end the choice of law inquiry. 3Com Corp. v. Banco do Brasil, S.A., 171 F.3d 739, 743 (2d Cir. 1999).

caused by the misrepresentation and unrecoverable as contract damages.  See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20 (2d Cir. 1996).

Plaintiff has alleged three affirmative representations collateral or extraneous to the contract upon which it relied to its detriment.  These are sufficient to sustain a claim for fraud against the Colemans: 1) David Coleman's oral representation to TNL on June 26, indicating that if TNL were to open letters of credit to secure merchandise for DMC, "DMC would repay TNL in full" through D/P; 2) Fran and David Colemans' June 30 Letter, which misrepresented to the plaintiff DMC's intention and ability to pay for the second shipment; and 3) the Colemans' July 21 Letter to TNL promising that DMC would "direct[]" Rosenthal to pay TNL and that DMC would be responsible to pay the balance if there was a shortfall.

The Agreement provided only that DMC would pay TNL for merchandise secured on its behalf through letters of credit in favor of the factory or TNL, "[u]nless otherwise specifically arranged between the parties."  The alleged misrepresentations concern methods for payment that were "otherwise specially arranged" by the Colemans and TNL, and are therefore extraneous to the Agreement.  These allegations are sufficient to distinguish TNL's fraud claim from its breach of contract claim.

None of the cases on which the Colemans rely require a different conclusion.  The motion to dismiss the fraud claim for failure to state a claim is denied.

B. Failure to Plead Fraud with Particularity Under Rule 9(b)

The Colemans also argue that the plaintiff has failed to plead its fraud claim with particularity.  Under Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Rule 9(b), Fed. R. Civ. P.  Rule 9(b) requires that a complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  Lerner, 459 F.3d at 290.  Under Rule 9(b), "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  Rule 9(b), Fed. R. Civ. P.  Nonetheless, "plaintiffs must allege facts that give rise to a strong inference of fraudulent intent."  Lerner, 459 F.3d at 290 (citation omitted).  The inference "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness."  Id. at 290-91 (citation omitted).

9

Allegations of fraud contained in the amended complaint satisfy the heightened pleading requirement of Rule 9(b). Plaintiffs have detailed at least three specific fraudulent statements made by David and Fran Coleman to TNL, including David Coleman's June 26 phone call to TNL, the Colemans' false June 30 Letter addressed to Rosenthal and copied to TNL, and the couple's July 31 Letter to TNL.  The motion to dismiss the fraud claim for failure to plead with particularity pursuant to Rule 9(b) is denied.

C. Failure to State a Claim for Breach of Contract

The Colemans argue that the amended complaint fails to state a breach of contract claim against them because the allegations supporting this cause of action concern only DMC's purported breach of the Agreement or actions that they undertook as officers of the corporation, who are protected from direct liability.  The Colemans further contend that the amended complaint's alter ego claims are insufficient and that the plaintiff has not stated a claim to pierce the corporate veil to hold them personally liable for DMC's purported breach.

Under New York law, to prevail on a claim for piercing the corporate veil and imposing liability on the owners of a corporation for a corporate obligation, a plaintiff must show that "1) the owner exercised complete domination over the

10

corporation with respect to the transaction at issue, and 2) such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." MAG Portfolio Consult, GMBH v. Merlin Biomed Group LLC, 268 F.3d 58, 63 (2d Cir. 2001) (citation omitted); Morris v. N.Y. State Dep't of Taxation & Fin., 82 N.Y.2d 135, 141 (1993).

The complaint gives the defendants ample notice of the veil piercing claim and survives review under Rule 8(a). To the extent that the plaintiffs rely on New York's jurisprudence for pleading such a claim, that authority is inapposite since he Federal Rules of Civil Procedure govern the adequacy of pleadings in federal court.

A veil piercing claim is governed by Rule 8's liberal pleading standard. Int'l Controls Corp. v. Vesco, 490 F.2d 1334, 1351 (2d Cir. 1973). The defendants' recourse to De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65 (2d Cir. 1996), to argue that the complaint here fails to meet that standard is unpersuasive. De Jesus preceded Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002), and, of course, the Supreme Court's articulation of the Rule 8 pleading standard in a series of even more recent decisions. Under prevailing law, the complaint has provided fair notice to the defendants.

Fundamentally, the Colemans misconstrue the burden imposed on the plaintiff at the pleading stage. While its burden of

11

proof at trial will be substantial, including an evaluation of a myriad of factors, see MAG Portfolio, 268 F.3d at 63, a plaintiff is not required to demonstrate that each of these factors exists at the pleading stage. The amended complaint has put the Colemans on notice of TNL's veil piercing claim. The motion to dismiss the breach of contract claim against the Colemans is therefore denied.

D. Failure to State a Claim for Unjust Enrichment and Promissory Estoppel

Both DMC and the Colemans move to dismiss TNL's unjust enrichment and promissory estoppel claims on the ground that an express contract governs the same subject matter as these two claims. A cause of action for unjust enrichment requires a claim that "(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff." Clifford R. Gray, Inc. v. LeChase Constr. Servs., LLC, 819 N.Y.S.2d 182, 187 (App. Div. 2006). To plead a cause of action for promissory estoppel under New York law, a plaintiff must allege "(1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance on that promise; and 3) injury to the relying party as a result of the reliance." Kaye v. Grossman, 202 F.3d 611, 615 (2d Cir. 2000).

12

Claims for unjust enrichment and promissory estoppel are quasi contract claims. The New York Court of Appeals has held that "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 388 (1987). "It is . . . impermissible to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties." Id. at 389; see, e.g., Hartford Fire Ins. Co. v. Federated Dept. Stores, Inc., 723 F. Supp. 976, 993 (S.D.N.Y. 1989) (dismissing promissory estoppel claim in light of applicable written agreement); Apfel v. Prudential-Bache Sec., Inc., 81 N.Y.2d 470, 479 (1993) (rejecting unjust enrichment claim where a written agreement controlled the transaction). The Agreement thereby precludes plaintiff's claim for recovery under theories of unjust enrichment and promissory estoppel. The defendants' motion to dismiss the unjust enrichment and promissory estoppel claims is granted.

CONCLUSION

The June 29 motion to dismiss the fraud and breach of contract claims against Fran and David Coleman is denied. The motion to dismiss the claims for unjust enrichment and promissory estoppel against DMC and the Colemans is granted.

SO ORDERED:

Dated:   New York, New York
         August 31, 2007

                                          DENISE COTE
                                  United States District Judge